# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DAVID R SMITH,<br><br>   Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>   Defendants. | Case No.  20-cv-00647-BLF<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS**<br><br>[Re:  ECF 13, 26 and 49] |

This dispute centers on an alleged illegal sawmill and lumber storage operation in the Santa Cruz mountains, an area recently devastated by wildfires. Plaintiff David R. Smith, proceeding pro se, challenges enforcement actions taken against his properties. Mr. Smith is suing the County of Santa Cruz ("the County"); Bryan Hackett and John McSpadden, who acted as administrative hearing officers; Marcus Mendez, a code compliance investigator for the County; Matt Johnston, principal planner for the County; Bruce McPherson, the District Supervisor and member of the Santa Cruz County Board of Supervisors; and Virginia Johnson, Mr. McPherson's assistant. Defendants have all filed motions to dismiss the claims against them *See* ECF 13, 26, and 49. The Court held a hearing on August 20, 2020, as to the motions to dismiss filed by Defendant Hackett (Mot. ("Hackett MTD"), ECF 13) and the Defendants other than Defendant McSpadden (Mot., ("County Defendants MTD"), ECF 26). Defendant McSpadden, who had not yet appeared in the case at the time of the hearing, filed his motion to dismiss on August 24, 2020. Mot. ("McSpadden MTD"), ECF 49. The Court received supplemental briefing from the County Defendants, McSpadden, and Smith on October 16, 2020. *See* ECF 60, 61. The Court addresses all three motions with this order. For the reasons stated below, the Court GRANTS Defendants' motions to dismiss.

United States District Court
Northern District of California

## I. BACKGROUND

Mr. Smith owns multiple parcels of land in the County. Am. Compl. ("FAC") ¶ 7, ECF 11. The two relevant properties to this action are APN 085-291-10 ("Parcel 10") and APN 086-071-51 ("Parcel 51"). *Id.*

Mr. Smith's issues with Defendants began on April 24, 2019, when Defendant Mendez, a code compliance investigator for the County, posted a "Notice of Santa Cruz County Code Violations and Intent to Initiate Enforcement Sanctions," commonly known as a "red tag," on Parcel 10. FAC ¶ 8; Ex. B, Notice ("April 24 Red Tag") 1, ECF 13-2. The County issued the April 24 Red Tag to Mr. Smith for alleged land use violations stemming from operating an illegal sawmill and lumber storage on Parcel 10. April 24 Reg Tag 1. The April 24 Reg Tag informed Mr. Smith that "failure to correct the posted violation(s) within ninety (90) days from the date of this notice may result in referral to Administrative Hearing for the recovery of enforcement costs, imposition of civil penalties of up to $2,500 dollars per violation per day," among other consequences. *Id.*

On May 13, 2019, Defendant Mendez acted under a different section of the Santa Cruz County Code and posted an administrative citation in the amount of $300 to Parcel 10 for land use violations stemming from the illegal sawmill and lumber storage. FAC ¶ 9; Ex. C, Admin. Citation 1 ("May 13 Citation"), ECF 13-2. The May 13, 2019 citation instructed Mr. Smith to remove all stored materials from the property, cease the lumber mill/storage operation, and remove and clean sawdust from the area. May 13 Citation 1. The May 13 Citation ordered him to remedy the violation by May 31, 2019. *Id.*

On August 7, 2019, Defendant Mendez issued another administrative citation to Parcel 10, this one in the amount of $400, for the continued storage and milling operations without the required permits. FAC ¶ 10; Ex. D, Admin. Citation 1 ("August 7 Citation"), ECF 13-2. The August 7 Citation ordered Mr. Smith to remedy the violations by August 31, 2019. *Id.*

On September 11, 2019, Defendant Mendez posted another administrative citation to Parcel 10, this one in the amount of $1,000, for continued wood and related equipment materials storage and milling operations without required permits. FAC ¶ 10; Ex. E, Admin. Citation 1

("September 11 Citation"), ECF 13-2. The September 11 Citation ordered Mr. Smith to remedy the violations by September 30, 2019. *Id.*

Mr. Smith alleges that the April 24 Red Tag and the three administrative citations were posted to the wrong property—it was Parcel 51, not Parcel 10, that contained the alleged sawmill operation. FAC ¶ 12.

On November 22, 2019, Mr. Smith had the administrative hearing that was noticed by the April 24 Red Tag. FAC ¶ 13; Ex. H, Decision of Hearing Officer ("Hackett Decision"), ECF 13-2. Defendant Hackett was the administrative hearing officer. *See* Hackett Decision; FAC ¶ 13. Mr. Smith submitted a motion to dismiss for lack of subject matter jurisdiction based on procedural grounds, which was denied, and both he and Defendant Mendez testified at the hearing. *See* Hackett Decision. Defendant Johnston also testified that a lumbermill in the Santa Cruz Mountains posed significant potential for fire risk. *Id.* Mr. Smith conceded that he was aware of the violations and that he had made efforts to abate the violations. Based on the submitted evidence, Defendant Hackett found that Mr. Smith knowingly and willfully violated the Santa Cruz County Code sections as alleged. *Id.* Mr. Smith never asserted that the April 24 Red Tag and three outstanding administrative citations noticed the wrong property, which would have potentially given him a complete defense to the enforcement actions. Mr. Smith was ordered to pay $1,700 in outstanding citation penalties (the May 13, August 7, and September 11 administrative citations), $560 for the County's enforcement and abatement costs, and $2,750 in civil penalties. *Id.* The decision became final on January 14, 2020. *Id.* Defendant Hackett issued an addendum to his January 14 decision on January 16, 2020, that clarified the factual record but did not affect the ultimate decision on civil penalties. Ex. I, Addendum, ECF 13-2. The Addendum became effective the day it was issued, January 16, 2020. *Id.*

Mr. Smith also alleges that Defendant Mendez stated he was getting pressure to prosecute the case against Mr. Smith by Defendant McPherson, the County Supervisor. FAC ¶ 31. The County, according to Mr. Smith, encourages Defendant McPherson to "control" the district he represents. FAC ¶ 33. Mr. Smith alleges that Defendant Johnson, McPherson's assistant, participated in this scheme that deprived Mr. Smith of his right to be free of legislative branch

influence upon executive duties. FAC ¶ 12.

Mr. Smith's problems with the Defendants did not stop there. Mr. Smith was issued another administrative citation to for an illegal building on December 10, 2019, after the administrative hearing as to Parcel 10 but before the decision was released. FAC ¶ 24.[1] Mr. Smith also alleges that he was issued a Red Tag to Parcel 51 on the same date. FAC ¶ 23; Ex. K, Notice ("December 10 Reg Tag"), ECF 51-1. This red tag was signed by Defendant Mendez. FAC ¶ 26. Mr. Smith exercised his right to a protest hearing of the red tag issued to Parcel 51, and that hearing occurred on January 23, 2020. FAC ¶ 27. Defendant McSpadden was the administrative hearing officer. FAC ¶ 28. Mr. Smith alleges Defendants Mendez and Johnston withheld the original prosecution package from McSpadden (seemingly referring to the record as to Parcel 10), so that it could not be discovered from the aerial photographs that the wrong property was cited. *Id.* Mr. Smith alleges that on February 21, 2020, Defendants McSpadden, Mendez, and Johnston increased the pressure on him with an order to remove a dwelling on Parcel 51, which Mr. Smith links to the enforcement actions taken against Parcel 10. FAC ¶ 28; Ex. H, Decision and Order ("McSpadden Protest Hearing Decision"), ECF 50-1.

Mr. Smith filed this amended complaint on May 14, 2020. He asserts the following causes of action:

1. Denial of equal protection in violation of 42 U.S.C. 1983 against Defendants McSpadden, Hackett, Mendez, Johnston, and the County;

2. Excessive fines in violation of the Eighth and Fourteenth Amendments against the same Defendants;

3. Separation of powers violation of the California Constitution against Defendants Mendez, Johnston, Johnson, McPherson, and the County;

4. Substantive and procedural due process violations of the Fourteenth Amendment and the California Constitution against Defendants Johnston, Mendez, Hackett, and the County;

---

[1] It's not clear if the December 10 administrative citation was issued to Parcel 10 or Parcel 51.

5.   A Bane Act violation against Defendants Johnston, Mendez, Hackett, and the County;

6.   Retaliatory prosecution in violation of the Fourteenth Amendment against Defendants Johnston, Mendez, and the County;

7.   Pursuant to a writ of mandate under California Civ. Proc. Code § 1094.5, an appeal of the January 14, 2020 administrative hearing decision based on a lack of subject matter jurisdiction against Defendant Hackett and the County;

8.   Pursuant to a writ of mandate under California Civ. Proc. Code § 1094.5, an appeal of the February 21, 2020 protest hearing decision based on a lack of subject matter jurisdiction against Defendant McSpadden and the County;

9.   Pursuant to a writ of mandate under California Civ. Proc. Code § 1094.5, a request for injunctive relief to void the administrative citations, fines, and civil penalties issued against Parcel 10, asserted against Defendants Hackett, McSpadden, Mendez, Johnston, and the County;

10.   A request for sanctions under 18 U.S.C. § 1621 for perjury committed by Defendant Mendez. Mr. Smith also seeks penalties for this alleged perjury against Defendants Johnston, McSpadden, and the County.

*See* FAC. Defendant Hackett filed a motion to dismiss the claims against him under the doctrine of judicial immunity. *See* Hackett MTD. This is Defendant McSpadden's primary defense as well. *See* McSpadden MTD. The County asserts defenses that are detailed further below.

## II.   LEGAL STANDARD

### A.       Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court need not

"accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B.  Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a federal court has an independent obligation to ensure that it has subject matter jurisdiction over a matter. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377. A facial jurisdictional challenge asserts that even if assumed true, "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### C.  Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.* Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (internal citations and quotations omitted).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.  DISCUSSION

### A.  Request for Judicial Notice

Defendant Hackett requests that the Court take judicial notice of certain adjudicative facts, *see* ECF 13-2, and of the following documents: 1) the April 24 Red Tag and associated photographs; 2) the May 13 Citation and associated photographs; 3) the August 7 Citation and associated photographs; 4) the September 11 Citation and associated photographs; 5) a September 28, 2019 report issued by Defendant Mendez detailing the violations of the County Code he witnessed on his April 24, May 13, August 7, and September 11 visits to Parcel 10; 6) a notice of administrative hearing scheduled for October 25, 2019, that was mailed to Mr. Smith and the corresponding proof of service; 7) the January 14, 2020 decision by Defendant Hackett, which emanated from the November 22, 2019 administrative hearing; 7) the January 16, 2020 addendum to Defendant Hackett's decision; 8) the motion to dismiss the case against Parcel 10 submitted by Mr. Smith ahead of the November 22, 2019 administrative hearing; and 9) the County's response to Mr. Smith's motion. *Id.* Defendant Hackett also asks the Court to take judicial notice of Mr. Smith's original and amended complaint. *Id.* The County Defendants ask that the Court additionally take judicial notice of Santa Cruz County Ordinance No. 5328 and select provisions of the Santa Cruz County Code. *See* Decl. of Ryan Thompson, ECF 26-1. Defendant McSpadden asks that the Court take judicial notice of February 21, 2020 decision and order regarding the January 23, 2020 protest hearing and his May 28, 2020 decision and order on request for reconsideration regarding his February 21 order. Decl. of Ryan Thompson, ECF 50. Defendant McSpadden also asks the Court to take judicial notice of Mr. Smith's petition for administrative mandamus under California Civ. Proc. Code § 1094.5, filed in Santa Cruz County Superior Court on August 21, 2020. *Id.* Finally, Defendant McSpadden asks the Court to take judicial notice of the December 10 Red Tag. Ex. K, ECF 57-1.

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th

Cir. 2002). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 999 (9th Cir. 2018). Further, "Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' *Id.* (internal quotation and citation omitted). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.*

The Court declines to judicially notice Defendant Hackett's facts at this stage of the litigation, but the Court finds Defendants' request for judicial notice of documents proper, not for their underlying truth, but because Plaintiff references the requested documents in the complaint, and the remaining documents are matters in the public record.

**B. Claims against Defendant Hackett**

**1. Constitutional Claims One, Two, and Four**

Mr. Smith brings claims one (equal protection), two (excessive fines), and four (substantive and procedural due process) against Defendant Hackett. Defendant Hackett, an attorney in private practice who was appointed by the County to be the administrative hearing officer at the November 22, 2019 administrative hearing, asserts a defense of judicial immunity. Hackett MTD 13–19. He contends that all of the claims asserted against him emanate from the hearing, and he is absolutely immune from suit for actions he took in this judicial role. *Id.* Alternatively, if the Court does not find him eligible for absolute immunity, Defendant Hackett argues he is entitled to quasi-judicial immunity. Hackett MTD 15. Mr. Smith claims that Defendant Hackett is not entitled to judicial immunity because he lacked jurisdiction to conduct the hearing. Opp'n ("Hackett Opp'n") 3, ECF 25.

"It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004). "When judicial immunity is

United States District Court
Northern District of California

extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges — that is, because they, too, 'exercise a discretionary judgment' as part of their function." *Id.* (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)). "The relevant test now is whether the official is 'performing a duty functionally comparable to one for which officials were rendered immune at common law.'" *Swift*, 384 F.3d at 1190 (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003)).

Federal administrative hearing officers and administrative law judges are protected by judicial immunity because their role is "functionally comparable" to that of a judge. *Butz v. Economou*, 438 U.S. 478, 513 (1978). Recently, a court in this district granted judicial immunity to an administrative hearing officer in the City of Oakland presiding over a hearing regarding the towing and scrapping of a truck. *Lei v. City of Oakland*, No. 18-CV-03061-LB, 2018 WL 7247172, at *5 (N.D. Cal. Nov. 5, 2018). "Because Mr. Villegas was serving in a quasi-judicial role, he is entitled to quasi-judicial immunity" *Id*. Another court in this district, in *Burnell v. Marin Humane Soc'y*, extended absolute judicial immunity to a hearing officer presiding over the administrative proceedings adjudicating the Marin Humane Society's seizure of four horses. No. 14-CV-05635-JSC, 2015 WL 4089844, at *3 (N.D. Cal. July 6, 2015). The Court found that facts alleging that the officer was not qualified to serve in that role were related to his role as a hearing officer and likewise barred by absolute immunity. *Id.* "Plaintiffs sue Burnham solely in his capacity as an administrative hearing officer; as he made findings and fact and conclusions of law in this regard and therefore served an adjudicative role, he is entitled to absolute judicial immunity." *Id.* at *3 (citing *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985)). California has similarly extended judicial immunity to judges and persons acting in a judicial or quasi-judicial capacity. *Stahl v. Klotz*, 440 F. Supp. 3d 1113, 1119 (E.D. Cal. 2020) (citing *Howard v. Drapkin*, 222 Cal. App. 3d 843, 852 (Cal. Ct. App. 1990)).

The Court finds that Defendant Hackett was serving in a quasi-judicial role and is entitled to quasi-judicial immunity. In his role as hearing officer, then authorized by Santa Cruz County

United States District Court
Northern District of California

1    Code ("County Code") § 1.12.070(D)(5)(a)[2], he had the authority to conduct hearings, to issue

2    subpoenas, to receive evidence, to administer oaths, to rule on questions of law and the

3    admissibility of evidence, to prepare a record of the proceedings, and to issue enforcement orders

4    with regard to violations of the Code. *Id.*

5          As to Mr. Smith's arguments that no judicial immunity should apply because Defendant

6    Hackett lacked jurisdiction, the Supreme Court has directed that "the scope of the judge's

7    jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will

8    not be deprived of immunity because the action he took was in error, was done maliciously, or was

9    in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear

10   absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v.*

11   *Fisher*, 13 Wall. 335, 351 (1872)). To illustrate: If a probate judge, with jurisdiction only over

12   trusts and estates, presided over a criminal case, that would be acting in the clear absence of

13   jurisdiction. *Stump*, 435 U.S. at 357 n.7 (citing *Bradley*, 13 Wall. at 352). But if a criminal court

14   judge convicted a defendant of a nonexistent crime, that would be merely in excess of authority

15   and still covered by judicial immunity. *Stump*, 435 U.S. at 357 n.7 (citing *Bradley*, 13 Wall. at

16   352). With those guideposts, the Court finds that Defendant Hackett is entitled to quasi-judicial

17   immunity, and since no amendment to the complaint could defeat his immunity, claims one, two,

18   and four against him are DISMISSED WITH PEJUDICE.

19                    **2.  Claim Five: Bane Act Violation**

20         In claim five, Mr. Smith asserts a Bane Act violation against Defendant Hackett. FAC ¶¶

21   55–58. The Bane Act civilly protects individuals from conduct aimed at interfering with rights that

22   are secured by federal or state law, where the interference is carried out "by threats, intimidation

23   or coercion." *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). For a Bane Act

24   claim, the plaintiff must allege : "(1) defendants interfered with plaintiff's constitutional rights by

25   threatening or committing violent acts; (2) that plaintiff reasonably believed that if she exercised

26

27   ─────────────────────
     [2] The Santa Cruz County Code has been amended since Defendant Hackett issued his decision,
28   and the relevant section is now § 1.12.070(B)(6). The substance of the County Code regarding the
     duties of hearing officers remains the same.

United States District Court
Northern District of California

1
2
3
4

her constitutional rights, defendants would commit violence against her; (3) plaintiff was harmed; and (4) defendants' conduct was a substantial factor in causing plaintiff's harm." *Tolosko-Parker v. County of Sonoma*, Nos. C 06–06841 CRB, C 06–06907 CRB, 2009 WL 498099, at *5 (N.D. Cal. Feb. 26, 2009).

5
6
7
8
9
10

Here, Mr. Smith alleges that Defendant Hackett violated his federal and state rights by ordering a civil penalty to become a tax. FAC ¶ 57. Nowhere in the FAC, though, does Mr. Smith allege any threats, intimidation, or coercion that would lead to violence. Based on the facts in the first amended complaint, it is not plausible that Mr. Smith could allege any such threats, intimidation, or coercion leading to violence. For this reason, the Bane Act claim against Defendant Hackett is DISMISSED WITH PREJUDICE.

11

### 3.  Claim Seven: Cal. Civ. Proc. Code § 1094.5 Writ of Mandate

12
13
14
15

Mr. Smith names Defendant Hackett in claim seven, brought as a writ of mandate under Cal. Civ. Proc. Code § 1094.5.  The Court recognizes that though Defendant Hackett is named, the County is the real party in interest. The Court will address the timeliness of Mr. Smith's writ claim regarding the January 14, 2020 Hackett hearing decision here, which also applies to the County.

16
17
18
19
20
21
22
23
24
25
26
27
28

The January 14, 2020 hearing decision includes a notice that the decision is subject to judicial review "pursuant to Section 53069.4 of the Government Code only if an appeal is filed with the Santa Cruz Superior Court Clerk, together with the applicable appeal fee, within 20 days after service of the decision of the Hearing Office." *See* Hackett Decision. The cited statute, Cal. Gov't Code § 53069.4(b)(1), offers alternative procedures for challenging a final administrative decision: a petition for writ of mandate pursuant to California Civ. Proc. Code §§ 1094.5 or 1094.6, or a de novo appeal to the superior court. *Martin v. Riverside County Dept. of Code Enforcement*, 83 Cal. Rptr. 3d 624, 627 (Cal. Ct. App. 2008). California Civ. Proc. Code § 1094.6(b) provides that "Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final." *Id.* Defendant Hackett's decision was final the day it was issued, January 14, 2020. Mr. Smith did not file his petition until May 14, 2020, well outside his ninety-day window. Claim seven is untimely. Therefore, Defendant Hackett's motion to dismiss Mr. Smith's seventh claim for an appeal of the January 14, 2020 hearing decision is

1    GRANTED, and the claim is DISMISSED WITH PREJUDICE.

2          **4.   Claim Nine: Cal. Civ. Proc. Code § 1094.5 Writ of Mandate**

3          Mr. Smith brings claim nine as a writ of mandate under Cal. Civ. Proc. Code § 1094.5 and

4    requests injunctive relief and monetary damages. FAC ¶¶ 80-84. In addition to bringing this claim

5    against Defendant Hackett, Mr. Smith also brings it against Defendants McSpadden, Mendez,

6    Johnson, and the County. *Id.* This claim lumps together the separate administrative orders issued

7    by Defendant Hackett in January 2020 and Defendant McSpadden on February 21, 2020. Mr.

8    Hackett argues this claim should be dismissed as to him because the writ of mandate does not

9    provide a basis for liability against him and, even if it did, this is an impermissible collateral attack

10   the administrative order he issued. Hackett MTD 27–29.

11         As further explained when analyzing this claim as it is asserted against the County

12   Defendants, the Court declines to take supplemental jurisdiction over this claim. Although

13   Defendant Hackett may have a valid statute of limitations defense to this claim, the Court will not

14   split the claim in order to rule on Hackett's defense. Accordingly, this claim is DISMISSED

15   WITHOUT PREJUDICE.

16         **5.   Conclusion**

17         As the Court detailed above, all claims against Defendant Hackett have been DISMISSED.

18   **C.   Claims against Defendants Mendez, McPherson, Johnston, Johnson, and the**

19        **County (collectively "County Defendants")**

20         Mr. Smith asserts several claims against the County Defendants, and the Court will address

21   each count in turn.

22         **1.   Claim One: Equal Protection against Defendants Mendez, Johnston, and**

23             **the County**

24         For an equal protection "class of one" claim, Mr. Smith must show that he has been

25   intentionally treated differently from others similarly situated, and there is no rational basis for the

26   difference in treatment. *Bd. of Trs. of Leland Stanford Junior Univ. v. County of Santa Clara*, No.

27   18-cv-07650-BLF, 2019 WL 5087593, at *5 (N.D. Cal. Oct. 10, 2019) (citing *Village Of*

28   *Willowbrook v. Olech*, 528 U.S. 562 (2000) and *Gerhart v. Lake County*, 637 F.3d 1013, 1022 (9th

United States District Court
Northern District of California

Cir. 2011)). "To be considered similarly situated, the plaintiff and her comparators must be *prima facie* identical in all relevant respects or directly comparable in all material respects." *Stanford*, 2019 WL 5087593, at *5 (citing *Jardine-Byrne v. Santa Cruz County*, No. 5:16-CV-03253-EJD, 2017 WL 5525900, at *4 (N.D. Cal. Nov. 17, 2017)). "Strict enforcement of the similarly-situated requirement is a vital way of minimizing the risk that, unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." *Stanford*, 2019 WL 5087593, at *5 (citing *Warentine v. Soria*, 152 F. Supp. 3d. 1269, 1294 (E.D. Cal. 2016)).

Mr. Smith alleges that Defendants treated him differently than other citizens found to be in violation of county ordinances. FAC ¶ 39. As an example of another citizen similarly situated to him, Mr. Smith alleges a property owner was given five years to clean up a private vehicle storage yard while he was given three months to remove a large quality of lumber stemming from his sawmill operation. FAC ¶ 17.

The County Defendants argue, and this Court agrees, that the private vehicle storage yard and Mr. Smith's sawmill and lumber yard are not "*prima facie* identical in all relevant respects or directly comparable in all material respects." Opp'n ("County Opp'n") 8, ECF 33. The potential fire hazard difference between the two operations makes it impossible to consider them *prima facie* identical. Accordingly, the Court DISMISSES count one, and, since Mr. Smith has already had an attempt at amendment, the dismissal is WITH PREJUDICE.

### 2. Claim Two: Excessive Fines against Defendants Mendez, Johnston, and the County

Mr. Smith invokes both the Eighth and Fourteenth Amendments for his excessive fines claim. It is properly analyzed under the Eighth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("Because we have always been reluctant to expand the concept of substantive due process…where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these

claims.") (internal quotations and citations omitted).

Under the excessive fines clause of the Eighth Amendment, "[a] fine is unconstitutionally excessive if (1) the payment to the government constitutes punishment for an offense, and (2) the payment is grossly disproportionate to the gravity of the defendant's offense." *United States v. Mackby*, 261 F.3d 821, 829 (9th Cir. 2001). Similarly, Article 1, Section 17 of the California Constitution states, "[c]ruel or unusual punishment may not be inflicted or excessive fines imposed." Cal. Const. art. I, § 17. "This section is a state equivalent to the Eighth Amendment." *Brownlee v. Burleson*, No. CIV S-04-1330, 2006 WL 2354888, *7 (E.D. Cal. 2006) (recommending summary judgment on the California claim "[b]ecause this court finds that all defendants are entitled to summary judgment on [the] Eighth Amendment Claim"); *see also In re Alva*, 92 P.3d 311, 333 (Cal. 2004) ("We see no basis to find a different meaning of 'punishment' for state purposes than would apply under the Eighth Amendment."); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707, 420-22 (Cal. 2005) (considering federal and state case law together in determining what factors were relevant to the constitutional "evaluation of the fine assessed against the defendant."). The Court therefore will interpret both provisions together.

Mr. Smith clarified in his opposition to Defendant Hackett's motion to dismiss that his excessive fines claim only challenges the $1,700 in outstanding citation penalties. Hackett Opp'n 3–4. He also confirmed this at the August 20, 2020 hearing.[3]

The statute of limitations has run on this claim. Mr. Smith would have needed to challenge this within his ninety-day window to challenge the January 14, 2020 Hackett Decision. California's 1094.5 writ procedures provide an opportunity for the review of constitutional claims. *Kenneally v. Lungren*, 967 F.2d 329, 332–33 (9th Cir.1992) (examining the California writ of mandate procedure under Cal. Civ. Proc. Code § 1094.5 and holding that "[t]his statutory framework provides a meaningful opportunity for [plaintiff] to present his constitutional claims for independent judicial review prior to the [agency's] decision becoming effective"); *see also San*

---

[3] If Mr. Smith were to challenge the $2,750 in civil penalties, that challenge would be moot. Mr. Smith offered no factual allegations that the civil penalty was added to the secured tax roll, and a February 25, 2020 change to the Santa Clara County Code prevents civil penalties from being added to the secured tax roll. Ex. F, Santa Cruz County Code § 12.070(B)(6)(d)(v), ECF 26-1.

United States District Court
Northern District of California

*Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1095 (9th Cir. 2008). Because there was not a timely challenge to the January 14, 2020 Hackett Decision, that decision, along with the penalties imposed, is final. Accordingly, claim two is DISMISSED WITH PREJUDICE.

### 3.   Claim Three: Separation of Powers Violation against Defendants Mendez, Johnston, Johnson, McPherson, and the County

Mr. Smith alleges a separation of powers challenge under Article III, Section 3 of the California Constitution. "The separation of powers doctrine limits the authority of one of the three branches of government to arrogate to itself the core functions of another branch." *Carmel Valley Fire Prot. Dist. v. State*, 20 P.3d 533, 538 (Cal. 2001) (citations omitted). "The doctrine, however, recognizes that the three branches of government are interdependent, and it permits actions of one branch that may 'significantly affect those of another branch.'" *Id.* (quoting *Superior Court v. County of Mendocino*, 913 P.2d 1046, 1051 (Cal. 1996)).

Mr. Smith does not allege that Defendant McPherson, the County Supervisor, personally cited his property in his official capacity. Rather, he alleges that Defendant Mendez, the code compliance investigator was "pressured" to (lawfully) issue administrative citations. County Opp'n 5. What Mr. Smith is essentially asking this Court to do is find constituent services illegal. Elected officials can, and should, listen and respond to concerns of their constituents. Defendant McPherson (aided by his assistant, Defendant Johnson) did nothing unlawful when he allegedly encouraged the other County Defendants to enforce the County Code as written. According to the County Code, Mr. Smith could have been cited every day he was in violation. *See* Santa Cruz Code section 1.13.020(A)(1) ("Any person violating any provision of the Santa Cruz Code or applicable State code may be issued an administrative citation by an enforcement officer as provided in this chapter. (1) Each and every day a violation of the Santa Cruz County Code or applicable State code exists constitutes a separate and distinct offense for which an administrative citation may be issued."). Instead, the relevant parcel, Parcel 10, was cited three times (May 13, August 7, September 11). Plaintiff has failed to allege facts sufficient to support this claim for separation of powers. Thus, claim three is DISMISSED WITH PREJUDICE.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 4. Claim Four: Due Process violation against Defendants Mendez, Johnston, and the County

Mr. Smith brings due process claims under both the Fourteenth Amendments and Article I, Sections 7 and 15 of the California Constitution. Section 15 involves the defendant's rights in a criminal case and is not applicable here.

Regarding his procedural due process claims, Mr. Smith states, "Defendants violated his procedural due process rights by ordering a civil penalty to become a tax in violation of his state constitutional right to be free from illegal taxation. The purpose was to place Smith under pressure to pay the county civil penalty or lose his property at auction." FAC ¶ 51. However, a procedural due process claim is not cognizable when "there is an available state remedy." *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 879 (9th Cir. 1987). Here, Mr. Smith failed to take advantage of either of his state law remedy options in a timely fashion: an appeal filed with the Santa Cruz Superior Court Clerk, pursuant to Section 53069.4 of the Government Code, or a Section 1094.5 writ of mandate. Mr. Smith exercised neither remedy, and his federal procedural due process claim fails. His claim under the California Constitution is untimely and fails as well.

As for Mr. Smith's substantive due process claims, "[t]o establish a violation of substantive due process, a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Kim v. United States*, 121 F.3d 1269, 1273 (9th Cir. 1997) (internal citation and quotation omitted). Only official conduct that "shocks the conscience" and violates the "decencies of civilized conduct" is cognizable. *County of Sacramento*, 523 U.S. at 846. Under the California Constitution, a substantive due process violation requires some form of outrageous or egregious conduct constituting "a true abuse of power." *Galland v. City of Clovis*, 16 P.3d 130, 150 (Cal. 2001).

Mr. Smith argues that the County Defendants deprived him of his constitutionally protected property interest and engaged in conduct that was arbitrary and in violation of his substantive due process rights. FAC ¶ 52. His argument in opposition to the County Defendants'

motion focuses on his monetary penalties and what he claims was an illegal tax. County Opp'n 3–4. These arguments were addressed and rejected above in the discussion regarding claim two for excessive fines. Mr. Smith has not alleged any facts that rise of the level of "shocking the conscience" or "a true abuse of power," and he has not shown that he could do so by further amendment. Accordingly, claim four is DISMISSED WITH PREJUDICE.

### 5.   Claim Five: Bane Act Violation against Defendants Mendez, Johnston, and the County

The Court discussed the elements for a Bane Act claim above when dismissing the claim against Defendant Hackett. The County Defendants argue that mere speech alone, unless the speech reasonably threatens violence, is insufficient to state a claim under the Bane Act. County Defendants MTD 18; *see also* Cal. Civ. Code § 52.1(k). Under Section 52.1(k), speech alone is insufficient to state a claim except if the speech itself threatens violence against a specific person, and that person reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence has the apparent ability to carry out the threat. Cal. Civ. Code § 52.1(k). Mr. Smith has not plead any facts suggesting violence in his amended complaint, and he did not respond to the County Defendants' arguments in his opposition brief. Accordingly, claim five is DISMISSED WITH PREJUDICE.

### 6.   Claim Six: Retaliatory Prosecution against Defendants Mendez, Johnston, and the County

Mr. Smith argues that the County Defendants issued the December 10 Red Tag to Parcel 51 in retaliation for exercising his right to defend himself on the April 24 Red Tag to Parcel 10. FAC ¶ 62. This claim also fails.

To properly allege a First Amendment retaliation violation, the plaintiff must allege facts showing that the actions of the defendants deterred or chilled the plaintiff's speech and such deterrence was a substantial or motivating factor in the defendant's conduct. *Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012). Mr. Smith does not need to show that his speech was actually inhibited or suppressed. *Id.* (citing *Mendocino Env't. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)). Rather, the Court considers "whether an official's acts would chill or

silence a person of ordinary firmness from future First Amendment activities." *Lacey*, 693 F.3d at 916 (citing *Mendocino*, 192 F.3d at 1300). Mr. Smith must allege facts ultimately enabling him to "prove the elements of retaliatory animus as the cause of injury," with causation being "understood to be but-for causation." *Lacey*, 693 F.3d at 917 (quoting *Hartman v. Moore*, 547 U.S. 250, 260 (2006)). "It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." *Hartman*, 547 U.S. at 260.

The only connection Mr. Smith has made between the two administrative proceedings against two different parcels is that the hearing date as to the April 24th Red Tag was close in time to the issuance of the December 10 Red Tag. Mr. Smith argues that the December 10 Red Tag was posted "a mere 18 days" after the hearing on the April 24 Red Tag. County Opp'n 5. This time nexus, according to Mr. Smith, "renders a high probability that the enforcement action was retaliatory for exercising free speech." *Id.*

The County Defendants cite *Kolstad v. County of Amador*, No. CIV 2:13–01279, 2013 WL 6065315 (E.D. Cal Nov. 14, 2013), which also involved contested county code enforcement actions for land use violations. County Defendants MTD 16. The county's motion to dismiss was granted because "Plaintiffs' allegations cannot support an inference that, but for their protected activity, defendants would not have threatened enforcement, because plaintiffs allege that defendants took the same actions before and after the protected activity." *Id.* at *6. *Kolstad*, though, involves actions taken against one property. Here, Mr. Smith alleges that after defending himself against enforcement actions on Parcel 51, the County Defendants started enforcement actions against Parcel 10.

However, the Court agrees with the County Defendants when they argue that the County code enforcement team cannot be expected to forgo enforcing the County Code as to Mr. Smith simply because Mr. Smith was involved in a prior code enforcement administrative hearing. County Defendants MTD 17. Mr. Smith has not alleged any animus on the part of the County Defendants that served as but-for causation leading them to target Parcel 10. In fact, in the February 21, 2020 protest hearing, Mr. Smith admitted to facts that amount to an admission that he

had violated the County ordinances cited in the December 10 Red Tag. McSpadden Protest Hearing Decision 4. This claim is simply implausible.

Mr. Smith has failed to allege the elements of retaliatory animus as the but-for cause of injury, and he has not provided any argument suggesting he could cure the deficiencies by amendment. Therefore, is claim is DISMISSED WITH PREJUDICE.

### 7. Claim Seven: Cal. Civ. Proc. Code § 1094.5 Writ of Mandate on the Hackett Decision against the County

For the reasons the Court discussed above in regard to this claim as it was asserted against Defendant Hackett, this claim is time barred due to Mr. Smith's failure to file his writ within ninety days of Defendant Hackett's decision. Accordingly, it is DISMISSED WITH PREJUDICE.

### 8. Claim Eight: Cal. Civ. Proc. Code § 1094.5 Writ of Mandate on the McSpadden Protest Hearing Decision against the County

All of the federal claims are being dismissed from this case, and only claims eight and nine, under a Section 1094.5 writ of mandate, remain. The Court exercises its discretion and declines to take supplemental jurisdiction of these two claims.

The Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court can properly exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The doctrine of supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004) ("Like our sister circuits, we hold that the actual exercise of personal pendent jurisdiction in a particular case is within the discretion of the district court.").

Section 1367(c) outlines when it is appropriate for a federal court to decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district

United States District Court
Northern District of California

19

court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Court finds that it is appropriate to decline supplemental jurisdiction here under factors one, two, and three.

First, the writ claim involves interpretations of multiple parts of the Santa Cruz County Code, two different land use enforcement schemes (the Red Tags and administrative citations), County administrative hearing procedures. The Court has no hesitation finding these issues are complex issues of state law. Second, since there are no remaining federal claims, the writ claims not only substantially predominate, but they consist of the entire case. And third, the Court has dismissed all the claims over which it has original jurisdiction. Other courts in this district have made the same choice with California writ of mandate claims. *Patel v. City of Long Beach*, 786 F. App'x 126, 127 (9th Cir. 2019) (affirming the district court had ample discretion to decline supplemental jurisdiction over writ claim when one Fourth Amendment claim remained); *Tomlinson v. County of Monterey*, No. C-07-00990 RMW, 2007 WL 2298038, at *2 (N.D. Cal. Aug. 8, 2007) (declining supplemental jurisdiction over writ of mandate claim); *Clemes v. Del Norte Cty. Unified Sch. Dist.*, 843 F. Supp. 583, 596 (N.D. Cal. 1994), *overruled on other grounds by Maynard v. City of San Jose*, 37 F.3d 1396, 1403-04 (9th Cir. 1994) (declining supplemental jurisdiction over a writ claim despite retaining federal statutory claims); *see also Spielbauer v. County of Santa Clara*, No. C 04-02265 JW, 2004 WL 2663545, at *3 (N.D. Cal. Nov. 17, 2004) ("Mandamus proceedings ... are actions that are uniquely in the interest and domain of state courts. It would be entirely inappropriate for a federal court, through exercise of its supplemental jurisdiction, to impose itself upon such proceedings. Considerations of federalism and comity ... loom large in the case of state mandamus proceedings.") (internal citations omitted).

The Court is also aware that Mr. Smith has filed a writ of mandate in state court challenging a reconsideration of the McSpadden protest hearing decision that was issued after this lawsuit was filed. Ex. J, Petition for Administrative Mandate, ECF 50-3. The Court will DISMISS Mr. Smith's claim eight WITHOUT PREJUDICE since there is a parallel state action.

United States District Court
Northern District of California

**9.   Claim Nine: Cal. Civ. Proc. Code § 1094.5 Writ of Mandate against Defendants Mendez, Johnston, and the County**

For the reasons detailed in claim eight above, the Court declines supplemental jurisdiction on this claim and dismisses it WITHOUT PREJUDICE. The Court notes that it did not decline supplemental jurisdiction over claim seven asserting a writ of mandate solely against the January 14, 2020 Hackett decision because the entire claim was time barred. As to claim nine, Mr. Smith has merged the claim against Defendant Hackett, the County Defendants, and Defendant McSpadden, and thus the Court has not split the claim in order to address Defendant Hackett's separate defense. Rather, the Court defers to the state court to determine whether this claim is viable against either hearing officer or any of the County Defendants.

**10. Claim Ten: Perjury against Defendants Mendez, Johnson, and the County**

Finally, Mr. Smith asserts a perjury claim. Federal criminal statutes "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Sepehry-Fard v. Bank of New York Mellon, N.A.,* No. 12-CV-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012) ("there is no private cause of action for perjury, 18 U.S.C. § 1621") (internal citation and quotation omitted). Accordingly, this claim is DISMISSED WITH PREJUDICE.  Due to the nature of its deficiency, the identity of the Defendant does not change the outcome, so the claim is DISMISSED WITH PREJUDICE as to Defendant McSpadden as well.

**D.   Claims against Defendant McSpadden**

**1.   Constitutional Claims**

Mr. Smith brings claim one, equal protection, and claim two, excessive fines, against Defendant McSpadden. Counsel indicated limited representation as to claims eight and nine only and does not address these claims in his motion to dismiss.

The Court will sua sponte address these claims against Defendant McSpadden. As the Court noted above, the equal protection claim fails because Mr. Smith has failed to state a claim upon which relief can be granted and has had an adequate opportunity to address the issue. The claim fails regardless of who the claim is asserted against. Thus, the Court sua sponte dismisses this claim against McSpadden WITH PREJUDICE.

United States District Court
Northern District of California

1   Regarding claim two for excessive fines, Mr. Smith argues in his opposition to Defendant

2   McSpadden's motion to dismiss that the February 21, 2020 McSpadden protest hearing decision

3   consisted of two cases: the December 10 Red Tag and the December 10 administrative citation.

4   Opp'n ("McSpadden Opp'n") 4, ECF 54. Mr. Smith admits that "the second claim lacks clarity

5   and is easily conflated with the first." *Id.* While Mr. Smith directs the court to paragraphs 24, 28,

6   and 29 of the amended complaint, the Court is unconvinced that he has properly pled this claim.

7   Additionally, the Court has reviewed the McSpadden protest decision and does not see any

8   mention of the December 10 administrative citation. *See* McSpadden Protest Hearing Decision.

9   The February 21, 2020 McSpadden protest hearing decision did not result in any monetary

10  penalties against Mr. Smith. Therefore, Mr. Smith has failed to allege any facts to state a claim for

11  excessive fines against Defendant McSpadden, and he has not shown that he could do so by

12  further amendment. Claim two as to Defendant McSpadden is DISMISSED WITH PREJUDICE.

13       **2. Writ of Mandate Claims**

14  Defendant McSpadden is named in claims eight and nine, which the Court is declining to

15  exercise supplemental jurisdiction over since there is a parallel state proceeding. As the Court

16  noted above, these claims are DISMISSED WITHOUT PREJUDICE to allow litigation in state

17  court.

18  **IV.   ORDER**

19  For the foregoing reasons, IT IS HEREBY ORDERED that the motions to dismiss filed by

20  Defendants at ECF Nos. 13, 26 and 49 are GRANTED. Claims one, two, three, four, five, six, and

21  seven, and ten are DISMISSED WITH PREJUDICE. Claims eight and nine are DISMISSED

22  WITHOUT PREJUDICE to allow litigation in state court.

23

24  Dated: October 28, 2020

25

26  _____

27  BETH LABSON FREEMAN
    United States District Judge

28